FILED

01/27/2026

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0164

DA 25-0164

IN THE SUPREME COURT OF THE STATE OF MONTANA

2026 MT 9

SAPPHIRE COALITION,

        Plaintiff and Appellant,

   v.

RAVALLI COUNTY, through its COUNTY
COMMISSION, PLANNING DEPARTMENT,
and ATTORNEY'S OFFICE,

        Defendants and Appellees.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
                 In and For the County of Ravalli, Cause No. DV-2024-210
                 Honorable Jennifer B. Lint, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Graham J. Coppes, Emily F. Wilmott, Ferguson and Coppes, PLLC,
        Missoula, Montana

        Robert Farris-Olsen, David K. W. Wilson, Jr., Morrison Sherwood Wilson
        Deola, PLLP, Helena, Montana

        For Appellee:

        Bill Fulbright, Ravalli County Attorney, Hamilton, Montana

Submitted on Briefs:  November 5, 2025

Decided:  January 27, 2026

Filed:

_____
                    Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1 Sapphire Coalition (Sapphire) appeals the Twenty-First Judicial District Court's January 28, 2025 Order granting Ravalli County's (the County) motion to dismiss Sapphire's First Amended Petition for Writ of Mandamus and Complaint for Declaratory and Injunctive Relief. Sapphire appeals the District Court's order pertaining to Sapphire's claims for declaratory relief but does not appeal the dismissal of its petition for writ of mandamus. We restate and address the following dispositive issue:

> *Whether the District Court erred by concluding the County's subdivision regulations do not require the Planning Department to provide public notice prior to approving a subdivision exemption.*

¶2 We reverse and remand for further proceedings consistent with this Opinion.

## FACTUAL AND PROCEDURAL BACKGROUND

¶3 Sapphire is a non-governmental organization that brought the underlying action to challenge the Ravalli County Planning Department's (Planning Department) decision authorizing the division of a tract of land in the Bitterroot Valley. Sapphire asserts the Planning Department failed to comply with the Ravalli County Subdivision Regulations (County Regulations) by allowing Lance Albert to divide the tract of land through a family transfer exemption without the Planning Department providing public notice.

¶4 The County Regulations permit landowners to apply for an exemption that authorizes the landowner to divide a tract of land without undergoing the subdivision review requirements of the Montana Subdivision and Platting Act (MSPA). The County Regulations outline the procedure and criteria the Planning Department uses to approve or

2

deny exemption requests. Applicants initiate the exemption review process by submitting a Subdivision Exemption Application to the Planning Department. The County Regulations state that the Planning Department shall accept public comments regarding the application, but the regulations do not require the Planning Department to provide public notice of pending applications. Should the Planning Department approve the application, the applicant must record the exemption at the Ravalli County Clerk and Recorder's office.

¶5 On January 13, 2020, Albert submitted a Subdivision Exemption Application to the Planning Department that proposed to divide an 80-acre tract of land (the Property) into eight 10-acre parcels through a family transfer exemption. The application stated that Albert would retain one of the parcels and gift the remaining parcels to Albert's wife, their five minor children, and Albert's father. The Planning Department approved Albert's application nine working days later, on January 24, 2020. The Planning Department did not provide public notice before approving Albert's application. By September 2020, Albert submitted the documents necessary to record the exemption with the Clerk and Recorder's office, including the deeds gifting the parcels to Albert's wife, their five minor children, and Albert's father.

¶6 In the spring of 2023, Sapphire discovered that the Property had been subdivided. The discovery occurred when one of its members was researching a neighboring tract slated to undergo subdivision review. Sapphire gathered information from the County regarding Albert's exemption and presented its concern that Albert used the family transfer

exemption to evade the subdivision requirements of the MSPA, but the County declined to reanalyze Albert's application.

¶7 Sapphire sued the County, Ravalli County Commission, Ravalli County Attorney's Office, and the Planning Department on July 3, 2024. Sapphire alleged the Planning Department unlawfully approved Albert's Subdivision Exemption Application because it did not provide public notice. Sapphire also alleged the Planning Department's approval violated the MSPA, Montana Public Participation Act (MPPA), and the right to know and right to participate guaranteed by the Montana Constitution. Sapphire requested a declaratory judgment stating that the Planning Board violated the County Regulations, the MSPA, the MPPA, and its members' constitutional rights to know and participate. Sapphire also requested the District Court vacate the Planning Department's approval and remand the matter to the Planning Department.

¶8 On August 2, 2024, the County moved to dismiss Sapphire's claims pursuant to M. R. Civ. P. 12(b)(6), arguing that Sapphire's allegations fail to state a claim upon which relief can be granted. The District Court issued an order granting the County's motion and dismissed all of Sapphire's claims.

## STANDARDS OF REVIEW

¶9 "We review *de novo* a district court's ruling on a motion to dismiss pursuant to M. R. Civ. P. 12(b)(6)." *Schoof v. Nesbit*, 2014 MT 6, ¶ 10, 373 Mont. 226, 316 P.3d 831 (citation omitted). The district court's determination of whether a complaint states a claim upon which relief can be granted constitutes a conclusion of law we review for correctness.

4

*Schoof*, ¶ 10. "We accept the complaint's factual allegations as true and consider the complaint in the 'light most favorable' to the plaintiff" when reviewing an order ruling upon a Rule 12(b)(6) motion. *Schoof*, ¶ 10 (quoting *Tally Bissell Neighbors, Inc. v. Eyrie Shotgun Ranch, LLC*, 2010 MT 63, ¶ 15, 355 Mont. 387, 228 P.3d 1134).

## DISCUSSION

¶10 *Whether the District Court erred by concluding the County's subdivision regulations do not require the Planning Department to provide public notice prior to approving a subdivision exemption.*

¶11 The District Court dismissed Sapphire's claim that the County violated the County Regulations because it concluded that the Planning Department only had to review Albert's Subdivision Exemption Application as required by the Montana Subdivision and Platting Act (MSPA) and the County Regulations. The District Court held that Sapphire did not plead a plausible claim based on the Planning Department's failure to provide public notice because the "[County Regulations] do not require published notice of . . . the review of proposed subdivision exemptions."

¶12 The MSPA generally requires any division of land that creates one or more parcels containing less than 160 acres to meet the subdivision requirements outlined in the MSPA. *Roe v. City of Missoula*, 2009 MT 417, ¶ 23, 354 Mont. 1, 221 P.3d 1200 (citations omitted). The MSPA provides for certain exemptions to the subdivision review requirements. *See generally* § 76-3-207(1), MCA. Specific to this case, one exemption allows a landowner to divide a tract to gift or sell the newly created parcel to an immediate family member. Section 76-3-207(1)(b), MCA (family transfer exemption). The

5

exemption cannot be used "for the purpose of evading [the MSPA provisions]" that would otherwise apply. Section 76-3-207(1), MCA.

¶13 The MSPA requires governing bodies, such as counties and cities, to create and enforce subdivision regulations. Sections 76-3-501(1), -103(8), MCA (defining "governing body"). The regulations must specify the criteria the governing body uses to assess whether an exemption is being used to circumvent the MSPA provisions that typically apply to dividing land. Section 76-3-504(1)(p), MCA. Governing bodies have a duty to follow the procedure and apply the criteria outlined in their subdivision regulations when evaluating an exemption request. *See Hampton v. Lewis & Clark Cnty.*, 2001 MT 81, ¶¶ 47-50, 305 Mont. 103, 23 P.3d 908; *Roe*, ¶ 28 (holding the city erred by not reviewing the proposed exemption pursuant to city regulations).

¶14 The County Regulations allow the public to comment on exemption applications. County Regulations 11-5(B)(1). The provision requiring public comment states:

> The applicant and the public shall be permitted to comment on the proposal and rebut any presumptions that the use of the exemption evades the MSPA or these regulations.[1]

County Regulations 11-5(B)(1).

¶15 The County Regulations have undergone three amendments relevant to the public participation required during the exemption application process. The pre-2006 County

---

[1] The County Regulations criteria create a rebuttable presumption that an applicant is using the exemption to evade subdivision review if the Planning Department finds certain factors exist. County Regulations 11-4(C)(2).

Regulations did not require the Planning Department to receive public comments or hold a public meeting as part of the exemption application process.[2]  The County amended the County Regulations in 2006 to add provisions that required the Planning Department to receive public comments and hold a public meeting.  The County amended the County Regulations in 2012 to remove the public hearing requirement, but the regulations retained the Planning Department's obligation to receive public comments.

¶16    The County contends the District Court correctly concluded that Sapphire did not plead an actionable claim because the County Regulations do not expressly require the Planning Department to provide public notice.  The County contends that removing the public hearing requirement in 2012 demonstrates public notice is not required.  Sapphire argues the plain language of the County Regulations require the Planning Department to provide public notice to effectuate the opportunity to comment.

¶17    We interpret statutes and regulations based upon their plain language.  *Powell Cnty. v. Country Village, LLC*, 2009 MT 294, ¶ 15, 352 Mont. 291, 217 P.3d 508 (citations omitted).  In construing a regulation or statute, we read the regulation as a whole to avoid an absurd result and give effect to the purpose of the regulation.  *Powell Cnty.*, ¶ 15 (citation omitted).

¶18    The County Regulations state that "[t]he applicant *and the public* shall be permitted to comment on the proposal."  County Regulations 11-5(B)(1) (emphasis added).  The

---

[2] A "Review Committee" processed exemption applications prior to 2006.  We refer to it as the Planning Department as it performed the same function as the Planning Department.

7

County's argument that the 2012 amendment demonstrates that the County intended to eliminate the Planning Department's obligation to receive public comment reads more into the history of the County Regulations than the text supports. The amendment removed the Planning Department's obligation to hold a public meeting. It did not eliminate the separate and independent guarantee that "the public shall be permitted to comment on the proposal." County Regulations 11-5(B)(1). Eliminating the public meeting requirement does not render the language requiring the Planning Department to receive public comment meaningless or optional.

¶19 The plain language clearly mandates that the Planning Department receive public comments pertaining to a pending Subdivision Exemption Application. The public comment requirement demonstrates that the County intended to provide the public with an opportunity to participate in the application process. Although the County Regulations are silent as to whether the Planning Department must provide public notice, the opportunity to comment provided by the County Regulations is meaningless unless the public receives notice of a pending application. *See Bitterroot River Protective Ass'n, Inc. v. Bitterroot Conservation Dist.*, 2008 MT 377, ¶ 21, 346 Mont. 507, 198 P.3d 219 (holding the *essential elements of public participation* are "*notice* and an opportunity to be heard").

¶20 Construing the County Regulations to require the Planning Department to give notice of pending exemption applications gives effect to the purpose of providing the public with an opportunity to participate through commenting on exemption applications. The County's interpretation that the Planning Department can evaluate an exemption

application without providing any public notice at all would lead to an absurd result. It is axiomatic that the public cannot comment on something the public does not know about.

¶21    Our conclusion rests on interpretive principles rather than on policy preferences or abstract notions of fairness. We construe regulations as written to give effect to the purpose of the regulation as a whole, to give effect to all parts of the regulation, and to avoid rendering any words superfluous. *Powell Cnty.*, ¶ 15; *Mont. Env't Info. Ctr. v. Mont. Dep't of Env't Quality*, 2025 MT 3, ¶ 72, 420 Mont. 150, 561 P.3d 1033 (citations omitted). Our conclusion gives effect to the public comment requirement that remains effective and the elimination of the public meeting requirement.

¶22    The County does not dispute that the Planning Department failed to notify the public of Albert's pending exemption application. Despite the Planning Department not providing notice, the County argues that the Planning Department provided Sapphire's members with an opportunity to comment on Albert's application because Sapphire did not allege that the County actively prevented its members from requesting the publicly available documents associated with Albert's application or from submitting comments to the Planning Department. The County's argument fails to acknowledge that public notice effectuates the opportunity to comment.[3] Sapphire's members did not know to request the documents that would have led them to submit comments regarding Albert's pending

---

[3] The County's argument also fails to address that the Planning Department approved the Subdivision Exemption Application just nine working days after it was submitted.

application until its member coincidentally discovered that the Property had been divided. The fact that the documents associated with the exemption approval were available to Sapphire's members upon request did not provide Sapphire's members with an adequate opportunity to comment on Albert's pending application.

¶23    The District Court erred by concluding that the County Regulations do not require the Planning Department to notify the public of pending exemption applications and erred by holding that Sapphire failed to plead a claim upon which relief can be granted.[4]  Because Sapphire and the County do not dispute that the Planning Department failed to provide public notice, the District Court must remand Albert's Subdivision Exemption Application to the Planning Department for it to reevaluate the Subdivision Exemption Application after providing public notice that effectuates an adequate opportunity to comment on Albert's application.

¶24    Our holding narrowly addresses the Planning Department's non-compliance with the County Regulations by failing to provide any notice of Albert's pending exemption application.  Our opinion does not mandate specifically how the Planning Department will provide notice as the County Regulations do not outline a notice procedure.  We have previously held that if a notice provision does not set forth the specifics of a notice

---

[4] Because we have determined that the Planning Department failed to comply with the plain language of the County Regulations requiring notice to the public of pending exemption applications, we need not address Sapphire's argument regarding the application of the Montana Public Participation Act.  Sections 2-3-101 through -114, MCA.

requirement, the notice must be adequate based on the circumstances. *See Jones v. Cnty. of Missoula*, 2006 MT 2, ¶¶ 31, 34-36, 330 Mont. 205, 127 P.3d 406.

## CONCLUSION

¶25    The District Court erred by granting the County's motion to dismiss.  We reverse and remand for further proceedings consistent with this Opinion.

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ KATHERINE M. BIDEGARAY
/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ JIM RICE

11